# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED at 9 O'clock & 11 min A.M
Date 7/19/07
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 12 Case |
| KURT E. GRAHAM | ) | |
| | ) | Number <u>07-40427</u> |
| *Debtor* | ) | |
| and | ) | |
| | ) | Chapter 12 Case |
| GRAHAM FORESTRY | ) | |
| | ) | Number <u>07-40428</u> |
| *Debtor* | ) | |

## ORDER DENYING DEBTORS' MOTIONS FOR RECONSIDERATION

The Debtors in the above-captioned Chapter 12 cases have filed Motions for Reconsideration (the Motions) in connection with the entry of this Court's Memorandum and Order on AgSouth Farm Credit, ACA's Emergency Motion to Lift Stay in both cases (the Memorandum and Order). *See* Case No. 07-40427, Dckt. No. 102 (July 9, 2007); Case No. 07-40428, Dckt. No. 84 (July 9, 2007). Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59(e), which permits a party to file a motion to alter or amend a judgment no later than 10 days after the entry of the judgment. FED. R. BANKR. PROC. 9023. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)</u>, 330 F.3d 111, 123 (2d Cir.

AO 72A
(Rev. 8/82)

2003) (quotations omitted).

In their Motions, the Debtors do not cite any controlling decisions or precedent that this Court overlooked in drafting its Memorandum and Order. In addition, the Memorandum and Order's purportedly incorrect Findings of Fact and Conclusions of Law highlighted by the Debtors in their Motions were not overlooked by the Court. Indeed, the Debtors previously asserted their views of the evidence, which were considered by the Court before entry of the Findings in the Memorandum and Order. Upon careful review of the Motions, I conclude that they simply reiterate the contentions previously asserted and rejected and do not present any new evidence or errors made in law or fact.

Therefore, pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtors' Motions for Reconsideration are DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 18th day of July, 2007.

2003) (quotations omitted).

In their Motions, the Debtors do not cite any controlling decisions or precedent that this Court overlooked in drafting its Memorandum and Order. In addition, the Memorandum and Order's purportedly incorrect Findings of Fact and Conclusions of Law highlighted by the Debtors in their Motions were not overlooked by the Court. Indeed, the Debtors previously asserted their views of the evidence, which were considered by the Court before entry of the Findings in the Memorandum and Order. Upon careful review of the Motions, I conclude that they simply reiterate the contentions previously asserted and rejected and do not present any new evidence or errors made in law or fact.

Therefore, pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtors' Motions for Reconsideration are DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 18th day of July, 2007.