# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 12 Case |
| KURT E. GRAHAM | ) | |
| | ) | Number <u>07-40427</u> |
| *Debtor* | ) | |
| | ) | |
| CAREY GRAHAM | ) | **FILED** |
| | ) | Samuel L. Kay, Clerk |
| *Movant* | ) | United States Bankruptcy Court |
| | ) | Savannah, Georgia |
| | ) | By lbarnard at 4:59 pm, Aug 18, 2010 |
| v. | ) | |
| | ) | |
| KURT E. GRAHAM | ) | |
| | ) | |
| *Respondent* | ) | |

## **MEMORANDUM AND ORDER**

Debtor filed Chapter 12 on March 22, 2007. <u>Petition</u>, Dckt. No. 1. The Chapter 12 plan was confirmed by order of this Court on March 11, 2008. <u>Order</u>, Dckt. No. 271. Debtor's uncle Carey Graham ("Carey") was not listed as a Creditor at the time of filing. However, after the plan confirmation, Carey, as Debtor's lessor, became an administrative claim creditor (pursuant to a ruling of this Court on May 3, 2010). That claim was paid almost immediately, and Carey later became the transferee of two separate claims. On May 6, 2010, Blanchard Equipment Company, Inc. transferred claim number 8 in the

AO 72A
(Rev. 8/82)

amount of $7,276.96 to Carey. Transfer, Dckt. No. 347. On May 12, 2010, Boddiford Farm Services, Inc. transferred claim number 9 in the amount of $11,165.27 to Carey. Transfer, Dckt. No. 353.

On January 29, 2010, Carey filed a Motion to Dismiss; or in the Alternative to Convert to Chapter 7 for Fraud, alleging that Debtor had engaged in fraud, and requesting this Court to dismiss or convert the Chapter 12 case under 11 U.S.C. § 1208. Motion, Dckt. No. 314. On June 15, 2010, this Court published an order limiting the scope of evidence to be considered at that motion to post-confirmation misconduct, citing concerns regarding the interplay of § 1208 and § 1230. Order, Dckt. No. 368. That order makes a complete recitation of the relevant facts in this case, and those facts are fully incorporated herein.

Following this Court's June 15, 2010, Memorandum and Order, Carey filed a Motion to Alter and Amend Order, requesting this Court to allow pre-confirmation evidence of misconduct to be heard. Motion, Dckt. No. 374 (June 29, 2010). The parties consented to an impromptu hearing during this Court's July 9, 2010, Statesboro calendar, after which Debtor filed a formal response on July 13, 2010. Response, Dckt. No. 384.

In this Court's June 15, 2010, Memorandum and Order, I held that allowing evidence of pre-petition fraud in a Motion to Dismiss filed more than 180 days after confirmation is impermissible, as it is effectively an end-run around the statute of limitations for revocation of confirmation for pre-petition fraud. See 11 U.S.C. § 1230. During the July

9, 2010, hearing Carey's counsel convinced me to reconsider the Order. I verbally granted Carey's motion, allowing pre-confirmation evidence of fraud and misconduct to be the subject of discovery for an upcoming hearing on the Motion to Dismiss for Fraud. Debtor suggested that because Carey did not become a claim holder until after confirmation, he should not be subject to the same 180-day limitation as pre-petition creditors. I verbally granted Carey's motion because counsel convinced me that parties would be better served if they were allowed broad discovery while this Court reconsidered the Order.

After further review of the parties' briefs and relevant law on the matter, I make the following Conclusions of Law.

## CONCLUSIONS OF LAW

Carey's Motion to Dismiss; or in the Alternative to Convert to Chapter 7 for Fraud is based on 11 U.S.C. § 1208(d), which states:

> On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the case.

11 U.S.C. § 1230, on the other hand, provides that "[o]n request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1225 of this title, and after notice and a hearing, the court may revoke such order if such

order was procured by fraud."

In this Court's June 15, 2010, Order, I found that the § 1208 authority to dismiss is limited to post-confirmation conduct. I noted that "[t]his prevents 11 U.S.C. § 1208(d) from being used to end-run the statute of limitations for prepetition fraud, while leaving the power to dismiss for post-petition acts intact. It also, however, limits the Court's scope of dismissal for fraud to post-confirmation conduct." Order, Dckt. No. 368, p. 9 (Bankr. S.D. Ga. (June 15, 2010)).

Carey now argues that the 180-day time limit should not apply to him, as he was not a creditor at confirmation. Carey's premise is wrong. The Code does not require one to be a creditor to file a revocation motion or a motion to dismiss, but rather a "party in interest." 11 U.S.C. §§ 1208(d); 1230(a). As this Court noted in its June 15, 2010, Memorandum and Order, "[e]ven Debtor concedes that 'party in interest' is a flexible term, noting in his brief (Dckt. No. 317, ¶ 6) that '[i]t has been described as an expandable concept depending on the particular factual context in which it is applied,' (quoting In re River Bend-Oxford Assocs., 114 B.R. 111, 113 (Bankr. D. Md. 1990)) and that it has been defined as 'anyone who has a practical stake in the outcome of a case.'" (citing In re Amatex Corp., 755 F.2d 1034, 1041-44 (3rd Cir. 1985)). Carey is a party in interest for the purposes of § 1208(d). Therefore, his Motion to Reconsider cannot rest on the argument that he should be excused, as a non-creditor when the case was filed, from any relevant effect of a 180-day deadline found in § 1230. However, in analyzing this contention, and the interplay between

4

§ 1208 and § 1230, I have concluded that I was in error in my earlier ruling. The two sections are similar, but provide very different remedies, and because they do, I hold that introduction of pre-confirmation conduct in a § 1208 Motion to Dismiss is appropriate.

> Section 1230(b) provides:
>
> If the court revokes an order of confirmation under subsection (a) of this section, the court shall dispose of the case under section 120[8]¹ of this title, unless, within the time fixed by the court, the debtor proposes and the court confirms a modification of the plan under section 1229 of this title.

Clearly, § 1230 offers a court that is revoking confirmation two separate options, either to convert or dismiss under § 1208, or to allow the submission of and to consider approval of a modified plan. The 180-day limitation only cuts off the right to seek the revocation remedy. It should not be read to limit the scope of evidence that can support the alternative remedy of dismissal or conversion under § 1208.

A § 1208 dismissal or conversion can be achieved either after a § 1230 Revocation of Confirmation (and therefore in a motion filed within 180 days), or a later-filed motion, because there is no time limitation for conversion or dismissal for fraud. In this

---

¹While the text of the Code says 1207, "[t]he reference in section 1230(b) is a typographical error; that reference should be to section 1208, which deals with dismissal or conversion of a chapter 12 case." 8 COLLIER ON BANKRUPTCY, ¶ 1230.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (hereinafter "Collier").

regard, § 1230 serves no purpose other than to potentially allow the debtor a second chance to propose a confirmable plan to the judge under § 1229.[2] "This alternative will probably be chosen only if the court determines that the debtor is capable of ameliorating the consequences of the debtor's fraud and that a modified plan is better for creditors than dismissal or conversion of the case." 8 Collier at ¶ 1230.01.

Looking solely at § 1208(d), the phrase "upon a showing that the debtor has committed fraud <u>in connection with the case</u>" (emphasis added) clearly covers a much larger set of circumstances than the § 1208(c)(7) dismissal, which is limited "to fraud in connection with obtaining confirmation of a plan." 8 Collier at ¶ 1208.04. This evidences Congress' intent that the § 1208(d) conversion or dismissal may be based beyond the narrow set of circumstances surrounding the debtor's obtaining confirmation. This broader scope allows courts to look into actions leading to the petition, post-petition but pre-confirmation, and also post-confirmation. In short, there is no time limit, as long as the fraud was "in connection with" the case.

Because the language of § 1208 and the language of § 1230 are different and

---

[2] 11 U.S.C. § 1229—Modification of plan after confirmation states *inter alia*:
(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
    (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
    (2) extend or reduce the time for such payments; or
    (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

because § 1208 enunciates no time limitation for bringing a Motion for conversion or dismissal, I find that it should not be read so narrowly as to bar the admission of pre-confirmation evidence. Accordingly, Carey may introduce any evidence relevant to the issue of fraud in connection with the case.

### O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the evidence to be tendered supporting Carey's Motion to Dismiss; or in the Alternative to Convert to Chapter 7 for Fraud is not limited to post-confirmation conduct. Accordingly, Carey's Motion to Reconsider my previous ruling is GRANTED and Debtor's Motion in Limine to Exclude Any Evidence Regarding Alleged Pre-Confirmation Acts and/or Omissions is DENIED.

---

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 18th day of August, 2010.